IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICKY FARRUGIA, | : |
| | : |
|       Plaintiff, | : |
| VS. | : |
| | :   NO. 5:16-CV-00128-MTT-CHW |
| GEORGE IVEY, *et al.*, | : |
| | : |
|       Defendants. | : |
| _____ | : |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous Order, *pro se* Plaintiff Ricky Farrugia, who is currently incarcerated at the Hancock State Prison in Sparta, Georgia, has filed an amended complaint (ECF No. 9) providing additional detail about his claims brought pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion for preliminary injunctive relief (ECF No. 10). Plaintiff's claims are now ripe for preliminary screening.

I. **Preliminary Screening**

    A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.*

(internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.

2

1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Factual Allegations

The present action arises out of Defendants' alleged failures to allow Plaintiff to practice his religion while incarcerated in the tier program at Hancock State Prison. (Compl. 6, ECF No. 1.) In his original Complaint, Plaintiff alleges that Defendants have prevented him from receiving religious mailings and participating in correspondence courses, failed to provide him with pack-out lunches so that he can adequately fast, denied him necessary materials to participate in various religious holiday celebrations, and provided him with only a vegan diet instead of a kosher diet. *Id.* at 7. In his Amended Complaint, Plaintiff alleges more specifically, *inter alia*, that Defendants have substantially burdened his ability to practice Judaism by denying him materials and foods that would allow him to observe a number of major religious holidays, such as Rosh Hashanah, the Fast of Gedaliah, Yom Kippur, and Sukkot. (Am. Compl. 2-3, ECF No. 9.) Plaintiff also reiterates his claim that Defendants have prohibited him from receiving religious materials specific to his Jewish faith through the mail, and Plaintiff states that he has been permitted to receive similar correspondence related to the Christian faith and thus believes that he is being discriminated against on the basis of his religion. *Id.* at 11.

Plaintiff contends Defendants' actions violate Plaintiff's constitutional rights. (Compl. 9.) Plaintiff seeks compensatory damages, injunctive relief, and all costs and fees as a result of these alleged constitutional violations. *Id.*

C. Plaintiff's Claims

Plaintiff's claims that Defendants interfered with his religious practices can be construed as claims for violations of Plaintiff's First Amendment right to religious freedom and Section 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The First Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. Prison officials may limit a prisoner's free exercise of sincerely held religious beliefs only if such "limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (per curiam) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

RLUIPA requires the government to justify any substantial burden on a prisoner's religious exercise by demonstrating a compelling governmental interest. *See Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1659 (2011). "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." *Smith v. Governor for Alabama*, 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal quotation marks omitted).

Plaintiff alleges in his Complaint that Defendants denied him the ability to practice his religion by failing to permit him to adequately celebrate various religious holidays. Plaintiff provides a detailed description of each of these holidays, their importance to his religious practice, and how Defendants have interfered with his ability to participate in

4

each holiday. (*See* Am. Compl. at 3-4.) Plaintiff also alleges that Defendant Ivey initially prohibited Plaintiff from having the items requested for these celebrations, and Defendant Turner affirmed this decision. *Id.* at 2. At this stage of the litigation, these allegations are sufficient to permit Plaintiff's religious freedom claims to proceed for further factual development. *See, e.g., Johnson*, 581 F. App'x at 781 (reversing district court's dismissal of RLUIPA and First Amendment free exercise claims where prisoner's *pro se* complaint alleged that prison officials infringed his practice in numerous ways); *Saleem v. Evans*, 866 F.2d 1313, 1316 (11th Cir. 1989) (per curiam) (noting that generally the court should "permit dismissal of a First Amendment claim only if it involves a religious claim so facially idiosyncratic that neither a hearing nor state justification of its regulation is required").

  Plaintiff also appears to seek to raise an equal protection claim by stating that he has been discriminated against on the basis of his religion. The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. "In order to properly plead an equal protection claim, a plaintiff need only allege that similarly situated persons have been treated disparately through state action." *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 685-86 (11th Cir. 2005) (per curiam). Construed liberally, Plaintiff's Complaint alleges that prison officials permitted Christians to receive religious pamphlets and correspondence courses from outside sources, but refused to allow Plaintiff to acquire or possess such materials related to Judaism. (*See, e.g.,* Am. Compl. 10-11.) Plaintiff's equal protection claims against Defendants are therefore

sufficient to proceed for further factual development.

## II. Motion for Preliminary Injunction

Plaintiff has also filed a motion for preliminary injunction, seeking the Court "to force the defendants to allow [Plaintiff] to observe and practice [his] religion as to customs of [his] religion (Judaism)." (Mot. Prelim. Inj. 1, ECF No. 10.) As discussed above, Plaintiff's submissions in this case are sufficient to allow Plaintiff's religious freedom and equal protection claims against each named Defendant to go forward. Thus, Plaintiff's claims for prospective injunctive relief against Defendants related to these claims will proceed for further factual development.

It would be premature, however, to grant any immediate relief sought by Plaintiff in his request for injunctive relief. A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). A preliminary injunction is appropriate where the movant demonstrates (1) there is a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the preliminary injunction would not be adverse to the public interest. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam) (internal quotation marks omitted).

Plaintiff does not clearly address these factors in his motion, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Instead, the Defendants should be afforded an opportunity to respond to Plaintiff's allegations. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 10) be **DENIED.**

### III. Conclusion

For the reasons set forth above, Plaintiff's religious freedom and equal protection claims against each of the named Defendants shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's motion for a preliminary injunction (ECF No. 10) be **DENIED**.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Because Plaintiff has made colorable constitutional violation claims against the Defendants, it is **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

**Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as

required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED AND RECOMMENDED**, 19th day of September, 2016.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge