IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| RICKY FARRUGIA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL ACTION NO. 5:16-CV-128 (MTT) |
|  | ) |  |
| GEORGE IVEY, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

The Defendants filed a joint motion to dismiss, asserting that Plaintiff Farrugia failed to exhaust his administrative remedies as to his claims against them in this action. Doc. 17. Magistrate Judge Charles Weigle recommends granting the Defendants' motion and dismissing Farrugia's claims for failure to exhaust administrative remedies. Doc. 30 at 1. Farrugia has not objected and the time for filing objections has expired.

The Court has carefully reviewed the Recommendation, and accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 30) is **ADOPTED as clarified**[1] and made the order of this Court; the Defendants' motion (Doc. 17) is **GRANTED** and Farrugia's complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 30th day of June, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Two clarifications are helpful. First, Farrugia argues in his response that he was not required to exhaust administrative remedies as to Grievance # 211864 because the warden's response was untimely. Doc. 23 at 4, 6-9. The warden's response to this grievance was indeed untimely. Doc. 17-1 at 48. The grievance records show that the response was not delivered to Farrugia until March 4, 2016, though it was due back to him February 29, 2016. *Id.* The warden's untimely response to Farrugia's formal grievance entitled Farrugia to proceed with an appeal pretermitting receipt of the warden's response; but it did not relieve him of the obligation to thereafter appeal. *Id.* at 23-25. Accordingly, the Magistrate Judge correctly concluded that because this action was filed before Farrugia's appeal of Grievance # 211864 was resolved, Grievance # 211864 should not be considered in determining whether Farrugia exhausted his administrative remedies in this case. *See* Doc. 30 at 15-16. Second, footnote 3 of the Recommendation cites "Doc. 23, p. 6" for Farrugia's deposition testimony that Grievance # 205637 did not mention religious items. *See* Doc. 30 at 15 n.3. The correct citation appears to be Doc. 29 at 6.